THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE EUGENE TODD,<br><br>Petitioner,<br><br>v.<br><br>BRIAN REDD,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:24-cv-00896-RJS<br><br>District Judge Robert J. Shelby |

Utah Inmate Shayne Eugene Todd (Petitioner), filed a *pro se* Petition for relief under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C.S. § 2241, *et seq.* (2026) (AEDPA).[1] Petitioner complains that he is currently incarcerated at the Utah State Correctional Facility in violation of his sentence to serve his incarceration at the Utah State Prison.[2] Petitioner contends the Utah Department of Corrections (UDOC) failed to afford him due process as required by the United States Constitution because he was transferred without a judicial modification of his original sentence.[3] Respondent moves to dismiss, arguing that Petitioner fails to state a claim upon which relief may be granted.[4] However, this court lacks jurisdiction to consider second or successive claims under 28 U.S.C. § 2244.[5] Accordingly, the Petition is DISMISSED.

---

[1] Dkt. 1, *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.*

[2] *See generally id.*

[3] *Id.* at 6.

[4] *See* Fed. R. Civ. P. 12(b)(6).

[5] *See* 28 U.S.C. 2244(3)(A) (2026) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

## BACKGROUND

On January 23, 2001, Petitioner was found guilty of murder, a first-degree felony, and unlawful possession of a dangerous weapon, a second-degree felony.[6] Petitioner was sentenced to an indeterminate term of five-years-to-life for murder and a consecutive sentence of one-to-fifteen years for unlawful possession of a dangerous weapon.[7] The sentencing judge stated that Petitioner's sentence would be served at the Utah State Prison.[8] Petitioner's life term also ran consecutive to a sentence for a prior conviction.[9] Petitioner began his sentence in the Utah State Prison in Draper, Utah.

On March 23, 2012, Petitioner applied to this court for habeas corpus relief under the AEDPA.[10] Petitioner's first AEDPA petition asserted five challenges to his conviction under the Fourteenth Amendment and 28 U.S.C.S. § 2254.[11] That petition was dismissed as untimely.[12]

Petitioner filed a second AEDPA petition on September 26, 2019.[13] Although Petitioner asserted all of the claims in his second petition arose under AEDPA 28 U.S.C. § 2241, his claims also included challenges to his conviction and sentence, which should have been brought under § 2254.[14] This court determined the § 2241 claims failed to state a claim upon which relief could

---

[6] Dkt. 8-1, Minutes, *State v. Todd*, Case No. 991906743-FS (Utah 3d Dist. March 14, 2001) (*Minutes*) at 1.

[7] *Id*.

[8] *Id*. at 3.

[9] *See* Dkt. No. 8-1, at 1; *State v. Todd*, Case No. 891900845 (Utah 3d Dist. Aug. 7, 1989).

[10] *See Todd v. Bigelow*, No. 2:12-cv-00282-CW, 2013 WL 1704031 (D. Utah, Apr. 19, 2013), *aff'd Todd v. Bigelow*, 534 F. App'x 748, 751 (10th Cir. 2013).

[11] *See id.*

[12] *Todd*, 2013 WL 1704031, at *1.

[13] *See Todd v. Nielson*, No. 2:19-cv-00700-DBB, 2022 WL 4182256 (D. Utah Sept. 13, 2022).

[14] *See McIntosh v. U. S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence."); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (reviewing the

be granted and dismissed Petitioner's § 2254 claims as "second or successive" to his previous petition.[15]

In 2023, UDOC closed the Utah State Prison facility in Draper and transferred Petitioner to the newly constructed Utah State Correctional Facility in Salt Lake City, Utah.[16]

### CLAIMS[17]

Petitioner asks the court to vacate the remainder of Petitioner's life sentence, claiming he was denied due process when the UDOC transferred him from the Utah State Prison to the Utah State Correctional Facility without notice and a hearing.[18] The trial court sentenced Petitioner to serve five-years-to-life in the "Utah State Prison."[19] Petitioner argues that the Utah State Legislature and the UDOC usurped judicial authority by closing the Utah State Prison and transferring him to the Utah State Correctional Facility without judicial modification of his sentence.[20] Petitioner's Motion to Enforce Order argues that "[a]ny alteration to [the sentence imposed by the judge], unless made by a judge in a subsequent proceeding . . . is in fact an[] illegal prison sentence."[21] Petitioner offers neither evidence nor authority to substantiate his

---

distinction between claims challenging the validity of a conviction or sentence and claims challenging the execution of a sentence.)

[15] *Todd v. Nielson*, 2022 WL 4182256, at *5; *see also* 28 U.S.C.S. § 2244(b) (2026) (claims presented in a second or successive § 2254 petition must be dismissed unless the applicant satisfies limited exceptions).

[16] *Petition* at 2.

[17] Petitioner's pro se pleadings are entitled to liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal citations and quotation marks omitted); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.") "Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

[18] *See generally Petition*.

[19] *Minutes*.

[20] *Petition* at 6–7.

[21] Dkt. 15, *Motion to Enforce Order* (*Motion to Enforce*) at 2 (emphasis in original).

argument that a "correctional facility" is materially distinguishable from a "prison." This claim amounts to a challenge to the execution of Petitioner's sentence arising under § 2241.

Petitioner's subsequent filings suggest a variety of challenges to his original sentence and describes the Petition as a "hybrid petition" asserting claims under both §§ 2241 and 2256.[22] To the extent that Petitioner's Motion to Clarify the Merits that Entitle Relief[23] could be construed as a motion to amend the Petition, it 1) argues that Utah's indeterminate sentencing scheme violates due process and equal protection; 2) complains that Petitioner's life sentence violates Utah Code § 76-3-401 (2026) which caps consecutive sentences for certain crimes to thirty years; and 3) argues that UDOC's statutory authority to transfer prisoners between correctional facilities violates principles of separation of powers.

Petitioner's challenge to Utah's indeterminate sentencing scheme and his claim that his life sentence violates Utah law amount to challenges of his original sentence which would properly arise under § 2254. Furthermore, both of those claims were raised in his second AEDPA petition, which was dismissed as second or successive petition.[24]

## SECOND OR SUCCESSIVE CLAIMS UNDER § 2254

"The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[25] "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . ."[26] Still, both kinds of

---

[22] *See, e.g.*, *id.* at 15.

[23] Dkt. 20, *Petitioner's Pro Se Motion to Clarify the Merit's [sic] That Entitle To Relief 28 U.S.C.A. 2241(c)(3) & 28 U.S.C. 2403* (*Motion to Clarify*).

[24] *Todd v. Nielson*, 2022 WL 4182256, at *5.

[25] 28 U.S.C. § 2241(c)(3) (2026).

[26] *McIntosh*, 115 F.3d at 811.

4

actions qualify as habeas proceedings because they "attack[] the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a shortened period of confinement."[27]

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Court of Appeals], the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.[28]

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization."[29]

This court lacks jurisdiction to consider second or successive claims brought under § 2254 without authorization by the Court of Appeals.[30] Petitioner devotes significant briefing on challenges to his original sentence, rather than its execution. For example, Petitioner's Motion to Enforce suggests that his primary complaint is that his original sentence violated Utah law.[31] "The Department of Corrections transferring [Petitioner] to a different facility is not the issue, nor his due process claim."[32] "The true challenge to the sentence, under any of the categories in respect to the [sentencing] statutes controlling here."[33] Petitioner argues that Utah

---

[27] *Id.* at 812 (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

[28] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[29] *Id.*

[30] 28 U.S.C. 2244(b).

[31] *See generally Motion to Enforce*.

[32] *Id.* at 3.

[33] *Id.* (emphasis in original); *see also* U.C.A. § 76-3-401(6) (limiting the aggregate term of certain consecutive sentences to thirty years).

Code § 76-3-401(6)(a) should have limited his murder sentence to thirty years because it ran consecutive to his sentences from prior convictions.[34]

To the extent Petitioner attempts to resuscitate claims from his previous habeas petition, those claims are time barred and procedurally defective. More than a decade ago, this court dismissed Petitioner's first challenge to his sentence as untimely.[35] Petitioner's second AEDPA petition was dismissed as second and successive.[36] That petition included challenges to Utah's indeterminate sentencing scheme and claims that Petitioner's sentence should have been capped at thirty years because it ran consecutive to previous sentences.[37]

Petitioner has not identified any grounds to excuse untimeliness of his renewed challenge to his original sentence, nor has he obtained permission to file another Section 2254 petition.[38] Furthermore, having reviewed all of Petitioner's extensive briefing, this court concludes that the interests of justice do not support transfer of the Petition to the Court of Appeals. The Tenth Circuit has upheld Utah's indeterminate sentencing scheme against nearly identical challenges that Petitioner raises.[39] Also, although Petitioner argues that his sentence for first degree murder should have been capped at thirty years under Utah law, the relevant provision of Utah law exempts crimes punishable by life imprisonment, including murder.[40]

---

[34] Dkt. 19, *Petitioner's Motion for Summary Judgment Under Rule 56(f)* (*Motion for Summary Judgment*) at 15.

[35] *Todd v. Bigelow*, No. 2:12-CV-282 CW, 2013 U.S. Dist. LEXIS 56795, at *2 (D. Utah Apr. 19, 2013) ("During the running of the federal period of limitation and well beyond, Petitioner took no steps himself to 'diligently pursue his federal claims.'") *aff'd*, 534 Fed. Appx. 748 (10th Cir. 2013).

[36] *See Todd v. Nielson*, No. 2:19-CV-700-DBB, 2022 U.S. Dist. LEXIS 166462, at 13 (D. Utah Sep. 13, 2022).

[37] *See id*.

[38] *See* 28 U.S.C.S. §2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) ("[Section] 2244 prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied claims.").

[39] *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (denying challenges that that Utah's indeterminate sentencing violates due process, equal protection and separation of powers).

[40] U.C.A. § 76-3-401(6)(b)(i); *see also* U.C.A. § 76-5-203(3)(ii) (authorizing life imprisonment for murder).

Accordingly, to the extent that Petitioner challenges Utah's indeterminate sentencing scheme, argues that his life sentence for murder violates Utah Code § 76-3-401, or asserts other claims challenging his original conviction or sentence, those claims are dismissed for lack of jurisdiction.

## CLAIMS ARISING UNDER § 2241

A motion to dismiss may be granted when the petition has "failed to state a claim upon which relief can be granted."[41] All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party.[42] To survive a motion to dismiss, a petition must present factual allegations that "raise a right to relief above the speculative level."[43] This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face."[44] Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.[45]

The Tenth Circuit Court of Appeals has affirmed that "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[46] Further, "courts have no obligation to permit a pleading amendment when a litigant does not file a formal motion for leave to

---

[41] Fed. R. Civ. P. 12(b)(6).

[42] *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

[43] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[44] *Id.* at 570.

[45] *Id.* at 558.

[46] *Fleming v. Coulter*, 573 Fed. Appx. 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

amend."[47]  Finally, dismissal without leave to amend is appropriate where a motion to dismiss has provided a petitioner with notice of defects in his petition and the petitioner declined to avail himself of the opportunity to correct the deficiency.[48]

## ANALYSIS

Petitioner's argument that UDOC lacks authority to confine him in a correctional facility fails to state a cognizable claim that his federal rights have been violated.  The Due Process Clause does not protect a duly convicted prisoner against transfer from one institution to another within the state prison system.[49]  "Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."[50]  The Due Process Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.[51]

Petitioner fails to support the propositions that his sentence required that he be confined only in the Utah State Prison, or that his transfer to another facility required a judicial order. Utah law authorizes UDOC to "transfer offenders from one correctional facility to another."[52] Utah law defines correctional facility as "any facility operated to house offenders in a secure or nonsecure setting."[53]  Petitioner has offered no evidence that either Utah State Prison or the Utah

---

[47] *Id.* (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)).

[48] *Id.*

[49] *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

[50] *Id.* at 224.

[51] *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

[52] U.C.A. § 64-13-14(3) (2026).

[53] U.C.A. § 64-13-1(4) (2026).

State Correctional Facility fall outside that definition.  Petitioner fails to establish that he has a liberty interest in the particular institution in which he is housed.

Petitioner's reliance on *Hill v. United States ex rel. Wampler*[54] for the proposition that "the sentence imposed by the sentencing court is controlling" is unavailing.[55] *Hill* is inapposite. In *Hill*, a defendant convicted of tax fraud was sentenced to pay a fine and serve time in federal penitentiary.[56]  The clerk of court inserted a provision into the mittimus order that conditioned the defendant's release upon his payment of the fine.[57]  The Supreme Court held the inserted provision was void because it could extend the defendant's confinement beyond the sentence imposed by the judge.[58]

In this case, Petitioner was sentenced to an indeterminate sentence of five-years-to-life in prison.  Petitioner offers no authority for his conclusory argument that the facility in which he would be confined was a material element of the sentence.  Nor has Petitioner supported his contention that the Utah State Correctional Facility "is not up to federal guidelines."[59]  *Hill* has no application to this case.  Petitioner's failure to establish a protected liberty interest in the particular institution in which he is incarcerated is fatal to his Section 2241 claim.  The Petition fails to state a claim upon which relief may be granted.

---

[54] 298 U.S. 460 (1936).

[55] Dkt. 1-2, *Memorandum in Support of Habeas-Corpus Petition Under 2241* (*Supplemental Memorandum*) at 21 (quoting *Hill,* 298 U.S. at 464).

[56] *Hill*, 298 U.S. at 461.

[57] *Id*. at 461–62.

[58] *Id.* at 467.

[59] *See* Dkt. 10, *Memorandum Response and Opposition to Respondent's Motion to Dismiss the Pro Se Habeas-Corpus Petition, 28 U.S.C. § 2241* at 6.

Petitioner was put on notice of the possible deficiencies in his Petition by Respondent's motion to dismiss.[60] Petitioner has submitted multiple filings rehashing his arguments but declined to avail himself of the opportunity to amend the Petition to allege sufficient facts to raise a viable claim for relief. Therefore, dismissal without leave to amend is appropriate.[61]

## CERTIFICATE OF APPEALABILITY

Petitioner is not entitled to a certificate of appealability. A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right."[62] The Supreme Court has clarified the standard for obtaining a certificate of appealability after a habeas petition is denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[63]

Here, Petitioner is not entitled to a certificate of appealability because he has not alleged sufficient facts to establish that jurists of reason would find it debatable that the Petition states a valid claim of a denial of a constitutional right.

## CONCLUSION

Petitioner fails to state a claim upon which relief can be granted.

---

[60] *See* Dkt. 8, *Respondents' Motion to Dismiss and Memorandum in Support* (filed July 10, 2025).

[61] *See Fleming v. Coulter*, 573 Fed. Appx. at 769.

[62] U.S.C.S. 2253(c)(2) (2026).

[63] *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss[64] is **GRANTED.** The Petition[65] is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.

Petitioner's Motion to Enforce,[66] Motion for Summary Judgment,[67] and Motion to Clarify[68] are **DENIED** as moot.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

The Clerk of Court is directed to close the case.

DATED this 24th of February 2026.

BY THE COURT

_____
JUDGE ROBERT J. SHELBY
United States District Court

---

[64] Dkt. 8.

[65] Dkt. 1.

[66] Dkt. 15.

[67] Dkt. 19.

[68] Dkt. 20.